**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANLEY JAY VANGINKEL, | Case No. CV 14-01902-RAO |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Stanley Jay Vanginkel ("Plaintiff") challenges the Social Security Commissioner's denial of his application for disability insurance benefits ("DIB"). Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to state adequate reasons for rejecting the opinion of the examining physician hired by the Social Security Administration. The Court agrees with Plaintiff for the reasons stated below.

**I.     BACKGROUND AND PROCEEDINGS BELOW**

Plaintiff was born in 1950, is a high school graduate, and previously worked as a forklift driver. AR 35–36. On May 18, 2011, Plaintiff applied for DIB, alleging disability starting August 19, 2010 (his alleged onset date ("AOD")). AR

13. His claim was denied first on October 12, 2011, and upon reconsideration on May 12, 2012. *Id.* Plaintiff then requested an administrative hearing before an ALJ, which took place on January 24, 2013. *Id.* Plaintiff testified at the hearing, and was represented by counsel. *Id.* On February 1, 2013, the ALJ found that Plaintiff was not disabled, as defined by the Social Security Act, from the AOD through the date of his decision. AR 24. His decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. AR 1–3.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the AOD. AR 15. At **step two**, the ALJ found the medical evidence established the following severe impairments: photopsias and vitreous floaters in his eyes, hypertension, and migraine headaches. *Id.* At **step three**, the ALJ found that Plaintiff had neither an impairment, nor any combination of impairments, that met or equaled the severity of an impairment in 20 C.F.R., Pt. 404, Subpt. P, App. 1. *Id.* at 17. At **step four**, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to "perform medium work" but that he was not able to perform his past relevant work. *Id.* at 17-18, 22. At **step five**, however, the ALJ found that Plaintiff was capable of performing work that exists in significant numbers in the national economy: as a laundry worker or a dish washer. *Id.* at 23. Thus, the ALJ concluded that Plaintiff was not disabled pursuant to the Social Security Act. *Id.* at 24.

## II. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standard was applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). Substantial evidence is

more than a mere scintilla but less than a preponderance. *Id.* at 459. Substantial evidence is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

To determine whether substantial evidence supports a finding, a court must consider the record as a whole, weighing evidence that supports *and* detracts from the ALJ's conclusion. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citation omitted). If evidence can reasonably support either affirming or reversing the ALJ's finding, the reviewing court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006).

When an examining physician's medical opinion is not contradicted, it may be rejected for "clear and convincing" reasons. *See Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester,* 81 F.3d at 830–31). But when, as here, an examining physician's opinion *is* contradicted, the ALJ must provide only "specific and legitimate reasons" must be provided for discounting it. *Id.*

### III. PERTINENT LAW

The Social Security Act and implementing regulations establish a five-step sequential process to evaluate disability claims. 20 C.F.R. § 404.1520 (a)-(f); *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). At step four, the inquiry is whether the claimant can perform past relevant work "either as actually performed or as generally performed in the national economy." *Carmickle*, 533 F.3d at 1166.

The claimant has the burden to show that he cannot perform his past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). If the claimant meets that burden, a prima facie case of disability is established. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If that happens or if the claimant has no past

3

relevant work, the Commissioner then bears the burden of establishing that the claimant is not disabled because he can perform other substantial gainful work available in the national economy. 20 C.F.R. § 416.920(a)(4)(v). That determination comprises the fifth and final step in the sequential analysis. *Lester*, 81 F.3d at 828 n.5.

The ALJ assesses a claimant's RFC, defined as the most that a claimant can do despite physical and mental limitations caused by his impairments and related symptoms. 20 C.F.R. § 416.945. The ALJ is "required to consider all of the limitations imposed by the claimant's impairments, even those that are not severe." *Carmickle*, 533 F.3d at 1164. As with the other steps of the sequential analysis, the ALJ properly considers the medical opinions of the claimant's treating physicians, examining physicians, and non-examining physicians. In determining whether a claimant is disabled, among the evidence the ALJ considers is medical evidence. 20 C.F.R. § 404.1527(b). In evaluating medical opinions, the regulations distinguish among three types of physicians: (1) treating physicians; (2) examining physicians; and (3) non-examining physicians. 20 C.F.R. § 494.1527(c), (e); *Lester*, 81 F.3d at 830. "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); *see generally* 20 C.F.R. § 404.1527(c)(1)-(2). "[T]he ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on 'clear and convincing reasons.'" *Carmickle*, 533 F.3d at 1164 (citing *Lester*, 81 F.3d at 830-31). "Where such an opinion is contradicted, however, it may be rejected for 'specific and legitimate reasons that are supported by substantial evidence in the record.'" *Id.* (quoting *Lester*, 81 F.3d at 830-31).

**IV.   DISCUSSION**

Plaintiff contends that the ALJ improperly rejected the opinion of the examining physician, Dr. To, and improperly gave "great weight" to the

4

contradictory assessment provided by State agency medical consultants. *See* Pl.'s Memo. Support of Complaint ("Compl.") at 3-7. Upon reviewing the record, the Court agrees.

### A. Factual Summary

In his decision, the ALJ summarized Dr. To's findings as follows:

> On September 1, 2011, Bryan To, M.D., conducted a complete consultative internal medicine evaluation of the claimant. The claimant's chief complaints were history of hypertension, history of hyperlipidemia, and history of depression. Findings from the physical examination included: grip strength was within normal limits in both hands; with glasses, the claimant's visual acuity was 20/20 in the right eye and 20/25 in the left eye; visual fields were grossly intact to confrontation and pupils were equal and reactive to light and accommodation; his blood pressure measured at 130/50; he ambulated with a normal gait and did not require an assistive device; physical findings from examinations of the back, upper, and lower extremities were unremarkable; and motor strength and sensation were intact. Based on the examination, Dr. To diagnosed the claimant with hypertension, hyperlipidemia, and depression.

AR 21 (citations to the record omitted).

The ALJ accorded "little weight" to Dr. To's opinion stating:

> I have also considered and given little weight to the opinion of the internal medicine consultative examiner, Dr. To, who opined that the claimant was capable of light work. I find that this limitation is overly restrictive in light of the physical findings from the examination conducted by Dr. To, as well as the remainder of the objective medical evidence, which shows normal physical findings and only mild visual findings. Further, Dr. To's opinion is inconsistent with the claimant's admitted activities of daily living. Accordingly, the doctor's opinion is without substantial support for the other evidence of record, which obviously renders it less persuasive.

AR 22 (citations to the record omitted).

In determining Plaintiff's RFC, the ALJ gave great weight to the assessments of the state agency medical consultants, who opined that Plaintiff "was able to perform medium work." AR 21. The ALJ specifically found that the RFC assessed by the medical consultants was "reasonable and consistent with the objective medical evidence, which showed no physical condition or limitations." AR 21.

**B. Analysis**

As noted above, the ALJ gave "little weight" to Dr. To's opinion that Plaintiff could frequently lift 20 pounds and occasionally lift 40 pounds, and gave great weight to the state agency medical consultants, stating that the residual functional capacity assessed by the state medical consultants is "reasonable and consistent with the objective medical evidence." AR 21. The opinions of non-examining physicians, such as the agency medical consultants here, cannot by themselves serve as substantial evidence to support the ALJ's residual functional capacity determination unless the opinion is based on independent clinical findings. *See Lester*, 81 F.3d at 831 ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of either an examining physician or a treating physician." ); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1066 n.2 (9th Cir. 2006) (same). "When an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'" *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Dr. To's opinion arose from a five-page report, dated September 1, 2011, which itself was based on an examination of Plaintiff and contained a detailed work up of Plaintiff's medical history and diagnoses. (AR 336-40.) By contrast, the medical consultants whose opinion the ALJ accorded "great weight" completed check-the-box forms (AR 21, citing to Exhibits 1A, 17F, and 20F) that provide no independent findings, but whose conclusions simply disagree with Dr. To's. On

this record, the Court finds that the ALJ's conclusory statement that Dr. To's opinion is less consistent with the record is not a specific and legitimate reason to reject Dr. To's opinion. The ALJ's belief that Dr. To's opinion was not supported by the physical examination findings and other objective medical evidence does not remedy this problem. An ALJ "is not allowed to use his own medical judgment in lieu of that of a medical expert." *Winters v. Barnhart*, 2003 WL 22384784, at *6 (N.D.Cal. Oct. 15, 2003).

The Commissioner defends the decision in three ways. First, relying on *Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996), the Commissioner argues that the ALJ's primary reliance on the medical consultants' opinions was proper. In *Saelee*, however, the medical consultant's opinion was corroborated by the opinions of other examining as well as consulting physicians, which in turn were based on independent clinical findings. *Saelee*, 94 F.3d at 522.

Next, the Commissioner argues that it was appropriate for the ALJ to discount Dr. To's assessment because it was inconsistent with his own "benign" examination findings. (Deft. Memo. in Support of Answer at 5.) As Plaintiff correctly contends, the ALJ's assessment of Dr. To's opinions was legal error. On this record, it appears that the ALJ's rejection of Dr. To's opinion and conclusion that Plaintiff could perform medium work were based solely on the ALJ's own lay interpretation of Plaintiff's treatment records, which is not sufficient. *Winters*, 2003 WL 22384784, at *6.

Third and finally, the Commissioner contends that the ALJ correctly found that Dr. To's opinion was inconsistent with Plaintiff's various daily activities. (Deft. Memo. in Support of Answer at 5.) The ALJ noted that Plaintiff stated "that he is able to perform light household chores … and read a little bit." AR 18. Later, the ALJ noted that:

//

> Despite his impairments, [Plaintiff] has engaged in a somewhat normal level of daily activity…. [Plaintiff] admitted activities of daily living, including caring for his own personal hygiene, preparing simple meals, grocery shopping, running errands, visiting with family and friends, and driving.

AR 19 (citation to the record omitted).

Plaintiff contends that the foregoing activities (and other activities identified in the parties' briefing) are not inconsistent with Dr. To's opinion. *See* Compl. at 5. Certainly as to the main issue, his lifting and carrying limitations, this Court agrees.

The opinion of an examining physician may be discredited when it is clearly inconsistent with a plaintiff's daily activities. *See, e.g., Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (discussing issue in the context of a treating providers' opinion). However, that principle has no application where "a holistic review of the record does not reveal an inconsistency between" the opinion and the activities. *Id.* Plaintiff's admission that he performs light chores, grocery shops, reads, cares for his personal hygiene, prepares meals, runs errands, visits with family and friends, and drives is insufficient to establish that he is *not* disabled because he need not be incapacitated to receive benefits. *See Smolen v. Chater,* 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). Nor does the Court find that the activities are inconsistent with Dr. To's "20 and 10" lifting and carrying limitation because none of them demand the type of exertion that would be required to consistently "perform medium work."

Accordingly, the Court finds that the ALJ's conclusion that Dr. To's opinion is inconsistent with Plaintiff's "admitted activities of daily living" is not supported by substantial evidence in the record.

//
//
//
//
//

8

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner that Plaintiff is not disabled and therefore is not entitled to benefits is REVERSED and this action is REMANDED for further proceedings in accordance with this decision.

IT IS SO ORDERED.

DATED: October 15, 2015

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**